# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-6515 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MOJOES OF JOLIET, LLC, COLE R. SAUNDERS, and CURTIS J. KIEBLES, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kinsale Insurance Company ("Kinsale") brings this declaratory judgment action against Defendants Mojoes of Joliet, LLC ("Mojoes"), Cole R. Saunders ("Saunders"), and Curtis J. Kiebles ("Kiebles"). Kinsale seeks a declaration that the insurance policy it issued to Mojoes does not require it to defend or indemnify Mojoes or Saunders (a Mojoes bouncer) in a lawsuit arising from Saunders' alleged battery of Kiebles in and outside of Mojoes. Currently before the Court is Kinsale's combined motion for summary judgment against Saunders and for default judgment against Mojoes and Kiebles. See [20]. For the reasons stated below, the Court grants Kinsale's motion [20].

## I. Background

The Court takes the relevant facts from Kinsale's Local Rule 56.1 Statement of Undisputed Material Facts [22]. Defendants did not respond to Kinsale's statement. Therefore, pursuant to Local Rule 56.1(b)(3)(C), Kinsale's fact statements are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). See

also *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *De v. City of Chicago*, 912 F. Supp. 2d 709, 712-13 (N.D. Ill. 2012).

Mojoes owns, operates, manages, and maintains an entertainment facility and bar in Joliet, Illinois. At all times relevant to the complaint, Saunders was employed by Mojoes as a security guard. On March 3, 2015, Kiebles, a resident of Wheaton, Illinois, filed suit against Mojoes and Saunders in the Circuit Court of Will County, Illinois (Case No. 15 L 140) ("*Kiebles* Complaint"). The *Kiebles* Complaint alleges that Kiebles went to Mojoes on November 8, 2014 to watch live music. It further alleges that Saunders intentionally and without cause used physical force and violence to remove Kiebles from Mojoes and then continued to assault and batter him on the public walkway outside of Mojoes. As a result, the *Kiebles* Complaint alleges, Kiebles suffered permanent internal and external injuries, incurred and will continue to incur large medical expenses, and has been prevented from attending to his usual affairs and duties. Count I of the *Kiebles* Complaint alleges that Saunders committed battery. Count II alleges that Mojoes is liable both for Saunders' battery and for its own negligence in hiring, training, and supervising its employees.

Mojoes is insured by Kinsale under a commercial general liability insurance policy (No. 0100009651-1) covering the period of January 16, 2014 to January 16, 2015 ("Policy"). Kinsale is a Virginia corporation and a non-admitted surplus lines insurer whose policies may be sold in Illinois. Mojoes' Policy from Kinsale applies to "bodily injury" and "property damage," but contains certain limitations and exclusions. See [22] at 5-7, ¶¶ 19-22. The Policy's exclusion for assault and battery is most relevant here. The exclusion provides that "[t]his insurance does not apply to any claim or 'suit' for 'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of, related to, or, in any way involving any actual or alleged assault, battery,

harmful or offensive contact, or threat, whether provoked or unprovoked," including but not limited to "[a]ny assault, battery, harmful or offensive contact or threat whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured [or] the insured's employees" and the "negligent hiring, employment, training, supervision, or retention of any employee or agent of the insured" in relation to an assault or battery. [22] at 6, ¶ 21.

On July 27, 2015, Kinsale filed a complaint for declaratory judgment seeking a finding that the Policy does not provide coverage for Mojoes or Saunders for the claims asserted in the *Kiebles* Complaint. See [1]. Mojoes and Kiebles failed to respond to Kinsale's complaint. Therefore, on October 29, 2015, the Court granted Kinsale's motion for an order of default against those two Defendants. See [17]. Kinsale now moves for summary judgment against Saunders and default judgment against Mojoes and Kiebles. See [20], [22]. Counsel for Kinsale informed the Court via letter on January 22, 2016, that counsel for Saunders did not intend to oppose Kinsale's motion. See [24]. Mojoes and Kiebles have offered no response to the motion.

**II. Legal Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, the non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"'Under Illinois law, the construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment.'" *Sentinel Ins. Co., Ltd. v. Serra Int'l*, 119 F. Supp. 3d 886, 890 (N.D. Ill. 2015) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1993)).

**III.    Analysis**

Kinsale argues that it is entitled to a declaration that the Policy does not require it to defend Mojoes or Saunders against the claims raised in the *Kiebles* lawsuit or to indemnify Mojoes or Saunders against any settlement or judgment in the *Kiebles* lawsuit. In determining whether Kinsale has a duty to defend or indemnify, the Court reads the insurance policy as a whole. *Nat'l Cas. Co. v. Jewel's Bus Co.*, 880 F. Supp. 2d 914, 916 (N.D. Ill. 2012). If the words of the policy are unambiguous, the Court "'must afford them their plain, ordinary, and popular meaning'"; however, "'if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous * * * and will be construed in favor of the insured and against the insurer who drafted the policy.'" *Id.* (quoting *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992)). The insurer bears the burden of proving that an exclusion to coverage applies, while the insured has the burden to prove that an exception to an exclusion restores coverage. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010).

According to Kinsale, three provisions of the Policy independently preclude coverage for the claims arising in the *Kiebles* lawsuit. First, Kinsale argues that coverage is precluded by the Policy's broad assault and battery exclusion. The Court agrees that the assault and battery exclusion applies and finds it unnecessary to address the other two policy provisions relied on by

Kinsale. The Policy's assault and battery exclusion is very broad and specifically precludes coverage of claims for "bodily injury" related in any way to an alleged battery. [22] at 6, ¶ 21. This precludes coverage for Kiebles's battery claim against Saunders. The Policy also excludes coverage of any claim that bodily injury was caused in an assault or battery due to the "negligent hiring, employment, training, supervision, or retention of any employee or agent of the insured." [22] at 6, ¶ 21. This precludes coverage for Kiebles's battery and negligence claim against Mojoes.

No defendant has offered any reason why the assault and battery exclusion should not be enforced under the facts here, and state and federal courts interpreting Illinois law have enforced similarly broad assault and battery exclusions. See, e.g., *United Nat'l Ins. Co. v. Entm't Grp., Inc.*, 945 F.2d 210, 214 (7th Cir. 1991) (under Illinois law, exclusion in liability policy for any claim asserting cause of action arising out of assault and/or battery if caused by omission by insured and/or his employees precluded coverage in negligence action alleging that minor customer was sexually assaulted in insured theater's washroom due to theater's failure to take certain precautions, even though complaint did not specifically state claim for assault and battery); *Hermitage Ins. Co. v. Dahms*, 842 F. Supp. 319, 326 (N.D. Ill. 1994) (insurer had no duty to defend or indemnify bar owner for assault on patron by other intoxicated patrons, where the insurance policy's assault and battery exclusion denied covered for bodily injury caused by assault or battery or both); *Atain Specialty Ins. Co. v. Chouteau Prop. Mgmt., Inc.*, 2014 WL 1759060, at *4 (S.D. Ill. May 2, 2014) (insurer was not required to defend or indemnify property management company in dramshop and negligence lawsuit brought against company by estate of man attacked and killed at the company's bar, where policy excluded coverage for bodily injury arising from assault and battery by any person or resulting from negligent hiring, supervision, or

training); *Atl. Cas. Ins. Co. v. Harris*, 2010 WL 624198, at *8 (S.D. Ill. Feb. 18, 2010) (insurer had no duty to defend or indemnify tavern in patron's underlying suit for intentional tort and negligence after patron was attacked by another patron in the tavern, where policy excluded coverage for claims arising from assault or battery); *Century Sur. Co. v. John B., Inc.*, 2006 WL 140551, at *5-6 (N.D. Ill. Jan. 17, 2006) (insurance policy's assault and battery exclusion barred coverage for claims of negligence, battery, and negligent hiring brought against insured bar owners by patron for injuries allegedly sustained during altercation with bar bouncer).

Therefore, the Court concludes that the Policy's assault and battery exclusion applies to the claims alleged in the *Kiebles* complaint. Kinsale is entitled to a declaration that it is not required to defend Mojoes or Saunders against these claims or to indemnify them for any settlements or judgments resulting therefrom.

**IV.  Conclusion**

For the reasons stated above, the Court grants Kinsale's motion [17]. The Court finds and declares that under the Policy: (1) the assault and battery exclusion precludes coverage for the *Kiebles* lawsuit; (2) Kinsale has no duty to defend Mojoes or Saunders in the *Kiebles* lawsuit; and (3) Kinsale has no duty to indemnify Mojoes or Sanders for any judgment or settlement entered in the *Kiebles* lawsuit. Summary judgment is granted in favor of Kinsale and against Saunders. Default Judgment is entered in favor of Kinsale and against Mojoes and Kiebles. This is a final order that disposes of all issues in the case, and a final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

Dated: June 1, 2016

_____
Robert M. Dow, Jr.
United States District Judge